## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
)
**TIMOTHY DEMITRI BROWN,** *pro se*,   )
     **Plaintiff,**   )
)
    **v.**   )     **Civil Action No. 10-1292 (RCL)**
)
**FEDERAL BUREAU OF**   )
**INVESTIGATION,** *et al.*,   )
     **Defendants.**   )
)
_____)

## MEMORANDUM OPINION

Defendant U.S. Department of Justice, Tax Division ("DOJ", "Tax Division") has filed a Motion to dismiss or in the alternative for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(a). Upon consideration of defendant's Motion [49], plaintiff's opposition [56], defendant's reply [59], the applicable law, and the entire record herein, the Court will grant defendant's motion for the reasons set forth below.

### I.     BACKGROUND

On October 15, 2010, the Tax Division received plaintiff's Freedom of Information Act ("FOIA") request dated October 4, 2010, and assigned it tracking number 10339. Banerjee Decl. [ECF No. 49, Ex.1] at ¶¶ 12–13. In a letter dated October 22, 2010, the Tax Division informed plaintiff that it could not locate records responsive to plaintiff's request but informed plaintiff that he could complete a FOIA Clarification Sheet and submit it with another FOIA request. *Id.* at ¶ 15. On November 8, 2010, the Tax Division received a second request from plaintiff along with a FOIA Clarification Sheet and assigned it tracking number 10347. *Id.* at ¶ 16. Plaintiff's second request clarified that he sought all records from the Western District of Louisiana or

Houston, Texas involving Internal Revenue Service Special Agent Doris Scholarman, who had allegedly investigated the plaintiff for money laundering or drug conspiracy. *See id.* at ¶ 21.

After receiving plaintiff's second FOIA request and FOIA Clarification Sheet, the Tax Division conducted six searches for responsive records using its database, TaxDoc. *Id.* at ¶ 28. TaxDoc is the Tax Division's primary case management system, which maintains records pertaining to individuals or entities and includes civil and criminal matters referred to the Division. *Id.* at ¶ 27. The Tax Division searched both the criminal and civil modules in TaxDoc by first entering the search term "Timothy Brown" without using plaintiff's Social Security number. *Id.* at ¶ 28. The Division then searched the criminal and civil modules of TaxDoc using the search term "Timothy Brown" along with plaintiff's Social Security number. *Id.* The Tax Division then searched each criminal and civil module by applying the TaxDoc's Soundex feature, which retrieves all names that sound like the name entered. *Id.*

When plaintiff's name was entered with his Social Security number, TaxDoc did not identify any criminal or civil cases. *Id.* at ¶ 29. The Tax Division did not conduct a search using the third party IRS special agent's name because pursuant to the privacy Act, 5 U.S.C. § 552a(b), the Division maintains and therefore searches its records by the identity of the individual requester, not by third-party names. *See generally Burke v. U.S. Dep't of Justice*, 1999 WL 1032814 (D.D.C. Sept. 30, 1999).

The Tax Division did find two civil cases in its system referring to a "Timothy Brown" that appeared potentially relevant: DJ No. 5-33-4368, a case from the Western District of Louisiana, and DJ No. 5-74-12490, a case from the Southern District of Texas. Banerjee Decl. at ¶ 29. The Tax Division ordered the records from its Records Management Unit. *Id.* at ¶ 30. On November 10, 2010, the Tax Division received the case file for DJ No. 5-33-4368, and upon

2

reviewing that file, found that it did not contain records responsive to plaintiff's FOIA request. *Id.* at ¶¶ 32, 35.

The Tax Division could not locate the case file for DJ No. 5-74-12490 at that time, but determined from the information on the TaxDoc printouts that it did not contain records responsive to plaintiff's FOIA request. *Id.* at ¶ 38. The TaxDoc printout indicated that the file pertained to a civil case, so the Tax Division determined that the file was unlikely to contain documents responsive to plaintiff's request regarding a criminal investigation of plaintiff for money laundering or drug conspiracy. *Id.* at ¶¶ 39–40; *see id.*, Ex. E. The TaxDoc printout also showed that this case was opened, closed, and transferred to the U.S. Attorney's Office on the same day, a fact which, based on the agency's experience, indicated that it was unlikely that the Tax Division had performed any work on the matter. *Id.* at ¶ 41; *see id.*, Ex. E. When the Tax Division later received the case file for DJ No. 5-74-12490, it confirmed that the file contained records of a Chapter 13 Bankruptcy filed in 1996 by a Timothy Brown—with no middle initial— and another individual, but contained no criminal records. *See* Willis Decl. at ¶ 17. After conducting this search, the Tax Division informed the plaintiff that it could not locate records responsive to his FOIA request. Banerjee Decl. at ¶ 42.

On November 30, 2010, plaintiff filed an Amended Complaint naming the Tax Division as a defendant. *See* ECF No. 21, Ex. 1. On December 22, 2010, plaintiff appealed the Tax Division's response to his FOIA request. Banerjee Decl. at ¶ 46. On February 2, 2011, the DOJ's Office of Information Policy affirmed the Tax Division's response. *Id.* at ¶ 47.

The Tax Division maintains that it has no records that are responsive to plaintiff's FOIA request and has therefore filed this dispositive motion in lieu of preparing a *Vaughn* index pursuant to this Court's Order of June 24, 2011. *See* ECF No. 41.

## II.   LEGAL STANDARDS

### 1.   Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate when a complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To overcome this hurdle, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Atherton v. District of Columbia*, 567 F.3d 672, 681 (D.C. Cir. 2009), and grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  However, the Court may not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*; *see also Atherton*, 567 F.3d at 681 (holding that a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

### 2.   Summary Judgment

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the moving party demonstrates that "there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).   In determining whether a genuine issue of material fact exists, the trier of fact

must view all facts, and all reasonable inferences drawn therefrom, in the light most favorable to

the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

In order to defeat summary judgment, a factual dispute must be capable of affecting the

substantive outcome of the case and be supported by sufficiently admissible evidence that a

reasonable trier of fact could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 247–48 (1986); *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242–43 (D.C. Cir.

1987).   "[A] complete failure of proof concerning an essential element of the non-moving party's

case necessarily renders all other facts immaterial[, and t]he moving party is entitled to judgment

as a matter of law." *Celotext Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   ANALYSIS

In his Second Amended Complaint, defendant challenges the Tax Division's response to

his FOIA requests and asserts that the Tax Division "unlawfully refused and/or withheld records

in the agency's files concerning plaintiff."   Second Am. Compl. [ECF No. 21, Ex. 1] at ¶ 36.

The Tax Division argues that it is entitled to judgment as a matter of law on this count because it

conducted a reasonable search for responsive records in good faith.

In responding to a FOIA request, an agency must conduct a reasonable search for

responsive records. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Weisberg

v. U.S. Dep't of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983).   An agency is not required to

search every record system, but need only search those systems in which it believes responsive

records are likely located. *Oglesby*, 920 F.2d at 68.   "An agency fulfills its obligations under

FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to

uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The agency carries the burden of demonstrating that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68. To meet this burden, the agency may submit nonconclusory affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Failure to locate specific documents does not render the agency's search inadequate or demonstrate that the search was conducted in bad faith. *See Twist v. Gonzales*, 171 F. Appx. 855, 855 (D.C. Cir. 2005). The inquiry is "whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *SafeCard*, 926 F.2d at 1201.

Although the Tax Division did not locate records responsive to plaintiff's request, it has demonstrated with detailed affidavits that its search method was reasonably calculated to uncover all documents relevant to plaintiff's FOIA request. The Tax Division demonstrated that it searched its only database of records of cases and other matters handled by the Division, a location where any records responsive to plaintiff's request would be located. Plaintiff argues that the Tax Division's search was inadequate because the agency did not search the office or files of IRS Agent Doris Scholarman, who was named in his FOIA request. However, FOIA

requires agencies to search only "agency records" within the meaning of the statute and does not impose an obligation to search the records of another agency. *See, e.g.*, *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989); *In Defense of Animals v. Nat'l Inst. of Health*, 543 F. Supp. 2d 70, 76 (D.D.C. 2008); *Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 68 (D.D.C. 2008). The Tax Division and the IRS are not housed in the same agency: the Tax Division is part of the Department of Justice and the IRS is part of the Department of the Treasury. While the Tax Division represents the IRS and other agencies in litigation matters, this representation is limited to civil and criminal tax litigation and does not extend to prosecuting cases involving money laundering and drug conspiracy charges. *See* Banerjee Decl. at ¶ 21. The Tax Division therefore would not have access to search the office or personal files of any IRS employees, nor is the Tax Division obligated to do so under FOIA.

Plaintiff also argues that the Tax Division's search was inadequate because it did not search TaxDoc by entering the name of the IRS agent mentioned in his FOIA request as a search term. However, the Tax Division has demonstrated that searching for responsive records using IRS Agent Doris Scholarman's name would not have produced any relevant documents. The Tax Division populates its record index within the TaxDoc database by case party name and Social Security number, and accordingly, Tax Division records in the TaxDoc system are retrieved using one of these two types of information. Second Banerjee Decl. [ECF No. 59, Ex. 1] at ¶ 4. The organization of the TaxDox database thus guided the agency's decision to search for records responsive to plaintiff's request using his name and Social Security number, rendering the search reasonable. While the name of an IRS agent involved in a case or investigation can be entered in TaxDoc within the entry for a particular case file, there is no requirement that the names of such agents actually be entered and as a result, this field is

generally not populated.  *Id.* at ¶ 5.  Because this information is rarely entered into TaxDoc, searching the database using the name of a particular agent is not likely to retrieve all relevant files related to a particular FOIA request.  *Id.* at ¶¶ 4, 6.  The two civil case files that were potentially responsive to plaintiff's FOIA request do not note the involvement of any IRS agent, and so a search with IRS Agent Doris Scholarman's name would not have even resulted in locating these files.  *Id.* at ¶ 7.  In fact, in preparing its Reply the Tax Division actually ran a search of TaxDoc for records responsive to plaintiff's FOIA request using IRS Agent Doris Scholarman's name, and the search results contained no responsive records.  See Def.'s Reply at 5.  The Tax Division's search was therefore reasonable, even without conducting its search in the manner that plaintiff suggests it should have.

Not only has the Tax Division demonstrated that its search was reasonably calculated to discover the documents requested by plaintiff, but it has shown that this search was conducted in good faith.  The Tax Division has provided three detailed declarations from two agency employees explaining its reasonable and thorough search methods.  When the agency found two civil cases potentially responsive to plaintiff's request, it reviewed those files and determined that they did not contain responsive records pertaining to plaintiff's criminal investigation. However, plaintiff argues that case file DJ No. 5-33-4368 was within the scope of his FOIA request and should have been disclosed to him.  The Tax Division submits that this case file relates to a case where the Tax Division represented an IRS revenue officer—not the IRS investigator named in plaintiff's FOIA request—who was sued by plaintiff and several other individuals.  Second Banerjee Decl. at ¶ 8.  The Tax Division's involvement in that case was limited to defending the IRS revenue officer and did not extend to IRS Agent Doris Scholarman, who was named in plaintiff's request.  *See* Def.'s Rep. at 8.

8

"Agency affidavits enjoy a presumption of good faith that withstands purely speculative claims about the existence and discoverability of other documents." *Chamberlain v. U.S. Dep't of Justice*, 957 F. Supp. 292, 294 (D.D.C. 1997), *aff'd*, 124 F.3d 1309 (D.C. Cir. 1997).  Plaintiff may not rebut the agency affidavits submitted with purely speculative allegations.  *See SafeCard*, 926 F.2d at 1200.  Moreover, an agency need not disclose records to a FOIA requester that it has reviewed in the process of conducting its search and determined to be non-responsive.  *Wilson v. U.S. Dep't of Transportation*, 730 F. Supp. 2d 140, 146 (D.D.C. 2010).  As plaintiff has offered nothing but speculative allegations in response to the agency's affidavits, he has therefore failed to rebut the Tax Division's showing that it conducted a reasonable search in good faith for the documents outlined in plaintiff's FOIA request.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that no genuine issue of material fact remains and defendant DOJ is entitled to summary judgment.  The Court will therefore grant defendant's motion to dismiss or in the alternative for summary judgment.

Signed by Royce C. Lamberth, Chief Judge, on November 9, 2011.